TRIAL & TECHNOLOGY LAW GROUP
A PROFESSIONAL CORPORATION
ROBERT A. SPANNER SBN 60308
545 MIDDLEFIELD ROAD, SUITE 220
MENLO PARK, CA 94025
PHONE: (650) 324-2223
FAX: (650) 324-0178
email - ras@techtriallaw.com

Attorney for Plaintiff

# UNITED STATES DISTRICT COURT

# EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BRIDGETTE BURELL SADLER | CASE NO. |
| Plaintiff, | COMPLAINT FOR: |
| v. | |
| HOMECOMINGS FINANCIAL, DECISION ONE MORTGAGE COMPANY, LLC, MORTGAGE ELECTRONIC REGISTRATION SYSTEMS, INC., GREENE HOME LOANS, JONATHAN N. GREENE and DOES 1-20 inclusive, | 1. VIOLATION OF THE TRUTH IN LENDING ACT (15 U.S.C. § 1601)<br>2. NEGLIGENCE<br>3. VIOLATION OF REAL ESTATE SETTLEMENT PROCEDURES ACT (12 U.S.C. § 2605)<br>4. BREACH OF FIDUCIARY DUTY<br>5. FRAUD<br>6. VIOLATIONS OF CALIFORNIA BUSINESS & PROFESSIONS CODE § 17200<br>7. BREACH OF CONTRACT<br>8. BREACH OF IMPLIED COVENANT OF GOOD FAITH AND FAIR DEALING |
| Defendants. | DEMAND FOR JURY TRIAL |

1

**COMPLAINT**

Plaintiff Bridgette Burell Sadler (hereinafter "Plaintiff"), by and through her counsel, for her Complaint against Defendants Homecomings Financial, Decision One Mortgage Company, LLC, Mortgage Electronic Registration Systems, Inc., Greene Home Loans and Jonathan N. Greene (collectively hereinafter "Defendants"), pleads as follows:

**JURISDICTION AND VENUE**

1. This court has subject matter jurisdiction pursuant to 28 U.S.C. §§1331 and 1367, and 15 USC § 1640(e). This is an action asserting violations of Federal Statutes commonly known as the Truth In Lending Act ("TILA"), the Real Estate Settlement Procedures Act ("RESPA"), and Regulation Z (12 C.F.R. 226 *et seq.*), as well as additional claims under California State Law. These claims all arise out of the same controversy and sequence of events.

2. Venue is proper in this Court pursuant to 28 U.S.C. § 1391(b)(2), in that a substantial part of the events giving rise to the claim occurred in this judicial district.

3. This court has personal jurisdiction over the parties as all Defendants presently engage in business within the State of California and the Eastern District or did at the relevant times set forth in this Complaint, and thus have sufficient contacts.

4. This Court has pendent jurisdiction over the state claims pursuant to 29 U.S.C. §1367(a).

5. Defendants, and each of them, regularly engage, or did at all times relevant herein regularly engage, in business in the State of California and regularly provide loans to residents of the State of California and the District who wish to obtain a mortgage loan and who contact or are contacted by a loan officer for assistance in obtaining the necessary financing.

6. Plaintiff bring this action against Defendants for damages and harm resulting from the Defendants' negligent, fraudulent and unlawful conduct concerning a residential mortgage loan transaction with Plaintiff. The residential mortgage concerned the property located at 6103 Bamford Dr, Sacramento, County of Sacramento, State of California.

**PARTIES**

7.  Plaintiff lives at the residential property located at 6103 Bamford Dr, Sacramento, County of Sacramento, State of California.

8.  Plaintiff is informed and believes and thereon alleges, that at all times mentioned in this Complaint Defendants Homecomings Financial, Decision One Mortgage Company, LLC and Mortgage Electronic Registration Systems, Inc. are diversified financial marketing and services corporations engaged primarily in residential mortgage banking and related businesses.

9.  Plaintiff is informed and believes, and thereon alleges that Mortgage Electronic Registration System Inc., ("MERS") is a Delaware corporation engaged in the business of holding title to mortgages. It does business in California as evidenced by inclusion of its name in the deed of trust. The deed of trust in this case states "The beneficiary of this Security Instrument is MERS (solely as nominee for Lender and Lender's successors and assigns) and the successors and assigns of MERS. This Security Instrument secures to Lender: (i) the repayment of the Loan and all renewals, extensions and modifications of the Note; and (ii) the performance of Borrower's covenants and agreements under this Security Instrument and Note. For this purpose, Borrower irrevocably grants and conveys to Trustee, in trust, with power of sale the following described property. . . ."

10. Plaintiff is informed and believes and thereon alleges that MERS' conduct with respect to the promissory notes and deeds of trust in this case are governed by "MERS Terms and Conditions" applicable to Defendant Bank, Decision One Mortgage Company, LLC, which state that:

> "MERS shall serve as mortgagee of record with respect to all such mortgage loans solely as a nominee, in an administrative capacity, for the beneficial owner or owners thereof from time to time. MERS shall have no rights whatsoever to any payments made on account of such mortgage loans, to any servicing rights related to such mortgage loans, or to any mortgaged properties securing such mortgage loans. MERS agrees not to assert any rights (other than rights specified in the Governing Documents) with respect to such mortgage loans or mortgaged properties. References herein to

          "mortgage(s)" and "mortgagee of record" shall include deed(s) of trust and beneficiary under a deed of trust and any other form of security instrument under applicable state law."

11. As a result of such conditions, MERS has no beneficial interest or rights to enforce the terms of the promissory note pursuant to the terms of California Commercial Code including but not limited to §§1201 subdivision (21), 3301, and 3309 because it is not in possession of the promissory note and has no authority to conduct any non-judicial foreclosure sale.

12. Plaintiff is informed and believes and thereon alleges that at all times mentioned in this Complaint, Defendant Greene Home Loans sold Plaintiff the mortgage loan in question in this matter.

13. Plaintiff is informed and believes and thereon alleges that at all times mentioned in this Complaint, Defendant Jonathan N. Greene was the Broker and loan officer who sold Plaintiff the mortgage at issue. At that time, Defendant Green was licensed by the California Department of Real Estate as a Broker.

14. Plaintiff is informed and believes and thereon alleges that Defendants and each of them at all relevant times herein were and still are agents for one another, and acting under the course and scope thereof, with knowledge and consent of each other.

**FACTUAL BACKGROUND**

15. This action arises out of a loan on the property of which the Plaintiff is the rightful owner.

16. Plaintiff is informed and believe and thereon alleges that beginning in 1998, lenders developed a scheme to rapidly infuse capital into the home mortgage lending system by selling mortgages on the secondary market, normally three to five times to create a bankruptcy remote transaction, then pooling them into large trusts, securitizing the pool and selling these securities on Wall Street as Mortgage Back Securities, bonds, derivatives and credit insurance.

17. Plaintiff is informed and believe and thereon alleges that in "selling" these

4

**COMPLAINT**

mortgage notes on the secondary market, Defendants failed to follow the simple legal requirements for the transfer of a negotiable instrument and an interest in real property.

18. Plaintiff is informed and believe and thereon alleges that, in fact, no interest in Plaintiff's mortgage note, deed of trust or property were ever legally transferred to any of the Defendants and the Defendants are, in effect, legal strangers to the mortgage transaction involving Plaintiff.

19. Further, Plaintiff is informed and believes and thereon alleges that, as this process became more and more profitable, underwriting requirements were repeatedly reduced by participating financial institutions to ensure more and more unsuspecting borrowers. As the lenders reduced the underwriting requirements, they introduced the concept of "churning" loans, a calculated plan to repeatedly refinance borrowers loans, taking as much equity as possible and artificially driving up housing prices.

20. Plaintiff is informed and believe and thereon alleges that lenders regularly trained, directed, authorized and/or participated with mortgage brokers to implement this scheme, giving them monetary incentives to provide mortgage supply.

21. In or about early October 2005, Defendant Jonathan N. Greene approached the Plaintiff, telling her that he was the loan broker for Green Home Loans and solicited her to finance her residence.

22. Defendant Greene advised the Plaintiff that he could get her the "best deal" and the "best interest rates" available on the market. Defendant Greene knew or should have known that these assurances were false and misleading.

23. Plaintiff advised Defendant Greene that she wanted a fixed rate loan. However, Greene told the Plaintiff that she did not qualify for a fixed rate loan and that there was no fixed rate loan package available on the market that Plaintiff could qualify for. Plaintiff is informed and believes and thereon alleges that these representations were false and that the Defendant knew or should have known that these representations were false. Defendant Greene knew or

5

**COMPLAINT**

should have known that these misrepresentations were designed to induce Plaintiff to accept another loan, to her detriment.

24. Defendant Greene further advised Plaintiff that the loan, while adjustable, would carry a low fixed interest for 5 years and that he would refinance the loan prior to the loan adjusting. Unfortunately, Plaintiff is informed and believes and thereon alleges that, in fact, Defendant Greene sold Plaintiff a loan at 7.99%, fixed for only 2 years, which would adjust to a maximum of 13.99%.

25. Plaintiff provided Defendant Greene with full and accurate accounting and documentation of her current income. At the time of this loan, Plaintiff was a probationary employee with the Department of Motor Vehicles and her gross income was approximately $3,100 per month. However, Plaintiff recently discovered documents that seem to suggest that Defendant Greene submitted false information on the loan application stating Plaintiff had been in her job for 15.1 years and that Plaintiff's net income was approximately $3,350.00 per month.

26. Plaintiff was not sent a copy of the loan documents prior to closing so that she could review the documents and understand them. At closing, Plaintiff was not allowed time to review the loan documents and was simply told to sign and initial various documents. Further, Plaintiff did not receive the required copies of a signed, dated notice of cancellation.

27. Defendant Jonathan N. Greene further advised Plaintiff that if the loan ever became unaffordable, he would simply refinance it into an affordable loan. Further, Defendant Green told Plaintiff that he would refinance Plaintiff's loan prior to the time the loan would begin adjusting. These assurances were something the Defendant Jonathan N. Greene knew or should have known were false and misleading. Defendant Jonathan N. Greene knew or should have known that these misrepresentations were designed to induce Plaintiff to accept this loan, to her detriment.

28. The facts surrounding this loan transaction were hidden and continue to be hidden from Plaintiff.

**COMPLAINT**

29. On or about December 1, 2005, Plaintiff completed the loan on the property. The terms of the loan were memorialized in a promissory note which in turn was secured by a Deed of Trust on the property. The Deed of Trust identified First American Title Insurance Company as trustee and Decision One Mortgage Company, LLC as Lender.

30. The Deed of Trust also identified "MERS" (Mortgage Electronic Registration Systems, Inc) as nominee for lender and lenders successors and assigns, and the beneficiary. Plaintiff is informed and believes and thereon alleges, MERS has no standing in this arena as they are not licensed or chartered to be and/or act as a nominee or beneficiary. MERS was developed to be a document storage company, not a nominee or beneficiary. Therefore, MERS has no standing to assert a beneficial interest.

31. On May 20, 2009, a Qualified Written Request under RESPA was mailed to Defendant Homecomings Financial which included a demand to cancel the pending Trustee Sale and to rescind the loan under the provisions of TILA. Defendant Homecomings Financial has yet to respond to the request.

32. On information and belief, Plaintiff alleges that Defendants are not "person[s] entitled to enforce" the security interest under the Note and Deed of Trust as defined in California Commercial Code §3301. Plaintiff alleges that Defendants sold their home loans to other financial entities, which "pooled" large numbers of loans, put them into trusts, and sold securities based on them. Plaintiff alleges that the Defendants do not own the loan that is the subject of this action and are not entitled to enforce the security interest.

33. On information and belief, Plaintiff alleges that Defendants regularly approved loans to unqualified borrowers, and implemented questionable business practices. Further, Plaintiff alleges that Defendant lenders employed brokers and loan officers who worked on commissions, meaning the more loans they sold, the more money they received. Plaintiff alleges that Defendants' loan officers received a greater commission or bonus for placing borrowers in loans with relatively higher yield spread premiums, and therefore borrowers were steered and

encouraged into loans with less favorable terms or for loans which the borrowers were not qualified to obtain.

34. Defendants are attempting to obtain putative legal title to Plaintiff's property without having established that they was ever a "person entitled to enforce" the security interest under the Note and Deed of Trust. Upon information and belief, Plaintiff contends that Defendants in fact are not persons entitled to enforce said interest.

35. Plaintiff entered into a consumer credit transaction (hereafter sometimes referred to as "Loan Transaction") with Defendants in which the extended consumer credit was subject to a finance charge and which was initially payable to Defendants. Plaintiff entered into one loan as part of the loan transaction, a first trust deed.

36. Plaintiff's loan is subject to the Federal Truth in Lending Act, 15 U.S.C. § 1601 et seq., ("TILA") and its implementing regulations, 12 C.F.R. Part 226 ("Reg. Z"). Defendants were required to provide Plaintiff certain disclosures pursuant to TILA. Under TILA and Reg. Z, Defendants were required to clearly and conspicuously disclose the "amount financed" and the "finance charge," among other things, in connection with the loan.

37. TILA grants a consumer a three-day right to cancel certain types of real estate loan transactions. This three-day right to cancel applies to Plaintiff's loan with Defendants. Pursuant to 15 U.S.C. § 1635(a), the three-day cancellation period begins upon the latter of the following events: (1) the "consummation of the transaction;" (2) the "delivery of the information and rescission forms" required by that section; or (3) delivery of accurate "material disclosures" required by TILA. 15 U.S.C. § 1635(a). The "material disclosures" that must be delivered include accurate disclosure of the annual percentage rate, all finance charges and the amount financed. 15 U.S.C. § 1602 (u). If the required notice of cancellation are not provided, or if the required "material disclosures" are not delivered, then the right to cancel extends to three years after the date of the loan. 15 U.S.C. § 1635(f). If a consumer has the right to rescind against a creditor, the right will also apply to any assignees of that creditor. 15 U.S.C. § 1641(c).

38. A consumer may exercise the right to cancel a transaction by delivery of a written notification of the consumer's wish to cancel the transaction to the creditor's place of business. Notice is effective upon mailing and notice on the agent servicing the loan is effective notice on the holder of the mortgage. 12 C.F.R. § 226.23(a)(2).

39. When a consumer rescinds a transaction, the security interest giving rise to the right of rescission becomes void and the consumer is not liable for any amount, including any finance charge. 15 U.S.C. §1635(b).

40. Within twenty (20) days after the receipt of a consumer's election to cancel the transaction, the creditor must return to the consumer all money or property given, including all interest and finance charges paid, and must take all action necessary or appropriate to reflect the termination of any security interest created under the transaction. 15 U.S.C. §1635(b); 15 C.F.R. §226.23(d).

41. When the loan was consummated, Plaintiff did not receive the required documents and disclosures, including, but not limited to, an accurate Truth in Lending Disclosure and signed, dated copies of the Notice of Right to Cancel containing the date that the rescission period expires. Plaintiff is entitled to damages for violations that occurred at the time of the consummation of the loan transaction.

42. On information and belief, Plaintiff alleges that in connection with each of the wrongful acts alleged herein, Defendants and each of them have utilized the United States mail, telephones and Internet in furtherance of their pattern of unlawful and illegal conduct to collect on negotiable instruments when they were not entitled to do so.

43. On information and belief, Plaintiff alleges that Defendants, in committing the acts alleged in this Complaint and in other cases, are engaging in a pattern of unlawful and illegal activity. Defendants represented that they have the right to payment under the note, payment of which was secured by the deed of trust. Whereas, in fact, the Defendants were not in possession of the note and they were neither holders of the note nor non-holders of the note entitled to

payment, as those terms are used in California Commercial Code §§3301 and 3309.  Further, Defendants added costs and charges to the payoff amount of the note that were not justified or proper under the terms of the note or law.

44. On information and belief, Plaintiff alleges that Defendants misrepresented the facts intending to force Plaintiff to either pay large sums of money to Defendants to which they were not entitled or to abandon the property to Defendants' profit.

## FIRST CAUSE OF ACTION

## VIOLATION OF TRUTH IN LENDING ACT

## 15 U.S.C. § 1601 et seq.

**(Against Defendants Homecomings Financial, Decision One Mortgage Company, LLC and Mortgage Electronic Registration Systems, Inc.)**

45. Plaintiff incorporates herein the allegations set forth in Paragraphs 1 through 44 above.

46. The loan transaction at issue is a consumer credit transaction subject to the provisions of TILA.

47. Defendants Homecomings Financial, Decision One Mortgage Company, LLC and Mortgage Electronic Registration Systems, Inc. are "creditors" as that term is defined in 15 U.S.C. §1602.  The transaction between Plaintiff and these Defendants was a consumer loan transaction wherein the Defendants extended credit to the Plaintiff and such credit was secured by an interest purportedly held by the Defendants in the property.

48. As a consumer credit transaction, the Defendants were required to provide to Plaintiff accurate mandatory Truth-in-Lending disclosure statements and signed, dated copies of the notice of the borrower's right to rescind, specifying the date on which the three-day rescission period expired.  If the lending institution fails to provide the rescission information, the borrower may rescind the loan within three years after it was consummated.  15 U.S.C. §1635(a) and (f); 12

10

C.F.R. §226.23(b)(5). If the borrower timely exercises her right to rescind, the security interest giving rise to the right of rescission becomes void.

49. In the course of the transaction described herein, Defendants violated TILA in numerous ways, including, but not limited to: failing to provide required disclosures prior to consummation of the transaction; failing to make required disclosures clearly and conspicuously in writing; failing to timely deliver to Plaintiff certain notices required by statute; placing terms prohibited by statute into the transaction; and failing to disclose all finance charge details and the annual percentage rate based upon properly calculated and disclosed finance charges and amounts financed.

50. Records from the transaction indicate that Defendants extended credit to Plaintiff without regard to her ability to pay and falsified relevant income and the appraisal to get the loan approved. Plaintiff is informed and believes and thereon alleges that Defendants have a pattern and practice of extending credit to consumers under high rate mortgages without regard to the consumers' repayment ability or the actual value of the property.

51. Because of these violations, Plaintiff has a continuing right to rescind the loan transaction for up to three years after consummation of the transaction. Plaintiff hereby give notice of rescission by and through this Complaint.

52. Because of these violations, Defendants are liable to Plaintiff in the amount of twice the finance charge, actual damages to be established at trial, and costs in accordance with 15 U.S.C. §1640(a). Plaintiff is also entitled to: rescission of the loan transaction; an order requiring Defendants to take all actions necessary to terminate any security interest in the property created under the transaction and a declaration by the Court that the security interest is void; expungement of any foreclosure instruments, including but not limited to any Notice of Default or Notice of Trustee's Sale, relating to the transaction from any public record; removal of any derogatory information reported to any credit reporting agency or credit reporting bureau relating to the transaction; the return to Plaintiff of any money given by Plaintiff to anyone,

11

**COMPLAINT**

including Defendants, in connection with the loan transaction; statutory damages; costs and reasonable attorneys' fees; and such other relief as the Court may deem just and proper.

53. As a result of Defendants' misconduct, Plaintiff has suffered and continues to suffer damages in an amount to be proven at trial. Moreover, Defendants' misconduct was in conscious disregard of Plaintiff rights, willful, malicious, and outrageous, and therefore punitive damages are warranted and demanded.

54. As a result of Defendants' misconduct, the loan was void and unenforceable as of its inception, and therefore Plaintiff is entitled to rescind the loan agreement and promissory note and does hereby demand rescission.

55. As a result of Defendants' misconduct, Plaintiff is entitled to declaratory and injunctive relief preventing Defendants from taking any action to collect on the loan, and/or to foreclose upon the property, and/or to transfer the property.

## SECOND CAUSE OF ACTION

## NEGLIGENCE

### (Against all Defendants)

56. Plaintiff incorporates herein the allegations set forth in Paragraphs 1 through 55 above.

57. Plaintiff is informed and believes and thereon alleges that Defendants Green Home Loans and Jonathan N. Greene breached their duty to Plaintiff to perform acts as brokers of loans in such a manner as to not cause Plaintiff harm or use such Defendants' knowledge and skill to direct Plaintiff into a loan for which Plaintiff did not qualify based upon her income.

58. Plaintiff is informed and believe and thereupon alleges that Defendants further breached their duty to Plaintiff by directing her into a loan transaction that she did not qualify for under industry standards, resulting in excessive fees paid for the loan transaction and payments due in excess of Plaintiff's ability to pay.

59. Plaintiff is further informed and believes and thereupon alleges that Defendants

Homecomings Financial, Decision One Mortgage Company, LLC, and Mortgage Electronic Registration System, Inc. all breached their duty to Plaintiff by their failure to perform acts in such a manner as to not cause Plaintiff harm. Plaintiff is informed and believes and thereupon alleges that defendants failed to maintain the original mortgage note, failed to properly create original documents, and failed to make the required disclosures to Plaintiff.

60. Further, Plaintiff is informed and believes and thereupon alleges that Defendants took payments to which they were not entitled, charged fees they were not entitled to charge and made or otherwise authorized reporting to various credit bureaus wrongfully.

61. As a result of Defendants' negligence, Plaintiff is entitled to damages according to proof and/or other relief as the court deems just.

## THIRD CAUSE OF ACTION

**VIOLATION OF REAL ESTATE SETTLEMENT PROCEDURES ACT (RESPA)**

**(Against Defendants Decision One Mortgage Company, LLC., Mortgage Electronic Registration Systems, Inc., and Homecomings Financial)**

62. Plaintiff incorporates herein the allegations set forth in Paragraphs 1 through 61 above.

63. The loan transaction between Plaintiff and Defendants is a mortgage loan covered by RESPA, 12 U.S.C. §2605 *et seq*.

64. A violation of RESPA is also made unlawful under California state law by Financial Code §50505, which states: "Any person who violates any provision of [RESPA] or any regulation promulgated thereunder, violates this division [California Residential Mortgage Lending Act]."

65. Defendants violated RESPA at the time of closing on the sale of the Property by failing to correctly and accurately comply with RESPA disclosure requirements.

66. Defendants violated RESPA, 12 U.S.C. §2605(e)(2) by failing and refusing to provide a written explanation or response to Plaintiff's Qualified Written Request.

67. Plaintiff is informed and believes and thereon alleges that Defendants have engaged in a pattern or practice of non-compliance with the requirements of the mortgage servicer provisions of RESPA as set forth in 12 U.S.C. §2605.

68. As a result of Defendants' failure to comply with RESPA, Plaintiff has suffered and continues to suffer damages and costs of suit. Plaintiff is entitled to recover statutory damages, actual damages in an amount to be determined at trial, and costs and reasonable attorney's fees.

## FOURTH CAUSE OF ACTION

## BREACH OF FIDUCIARY DUTY

**(Against Defendants Jonathan N. Greene, Green Home Loans, and Decision One Mortgage Company, LLC)**

69. Plaintiff incorporates herein the allegations set forth in Paragraphs 1 through 68 above.

70. Defendants were agents for Plaintiff and owed Plaintiff fiduciary duties of loyalty and due care.

71. Plaintiff hired Green Home Loans and Jonathan N. Greene as her agents for the purpose of obtaining a loan to finance her home. The California Department of Real Estate has record of Defendants Jonathan N. Greene holding a Real Estate Brokers License and doing business as Green Home Loans at all times mentioned in this Complaint.

72. Plaintiff is informed and believes and thereon alleges that Defendant Decision One Mortgage Company directly ordered, authorized or participated in the tortious conduct of Defendants Jonathan Green and Greene Home Loans relating to this loan.

73. Pursuant to her agreement, Plaintiff agreed to pay a commission from the proceeds of her loan.

74. Defendants, by and through their agents, owed a fiduciary duty to Plaintiff to act primarily for her benefit, to act with proper skill and diligence, and not to make a personal profit

from the agency at the expense of their principal.

75. As Plaintiff agent, Defendants owed a duty of loyalty and a duty to deal fairly with her at all times.

76. Defendants breached their fiduciary duty by (1) obtaining a mortgage loan for her that had unfavorable terms and that she could not ultimately afford, (2) by not disclosing the negative consequences of said loan, and (3) by securing a secret profit by not properly complying with the Truth In Lending Act and the Real Estate Settlement Procedures Act.

77. Plaintiff has been damaged as a result of Defendants' breach, and as such is entitled to actual damages.

78. The actions of Defendants in conscious disregard of Plaintiff rights and in deliberately committing a breach of fiduciary duty authorize the imposition of punitive damages, pursuant to the provisions of California Civil Code §3294 in that they show willful misconduct, malice, fraud, wantonness, oppression, or that entire want of care which would raise the presumption of a conscious indifference to the consequences to Plaintiff.

## FIFTH CAUSE OF ACTION

### FRAUD

**(Against Defendants Jonathan Greene and Greene Home Loans)**

79. Plaintiff incorporates herein the allegations set forth in Paragraphs 1 through 78 above.

80. As alleged herein, Defendants, and each of them, have made several representations to Plaintiff with regard to important facts, as follows:

a. Defendant Greene advised the Plaintiff that he could get her the "best deal" and the "best interest rates" available on the market at or about the time he solicited Plaintiff for a loan;

b. Defendant Greene told the Plaintiff that she did not qualify for a fixed rate loan and that there was no fixed rate loan package available on the market that Plaintiff

15

        could qualify for; and

    c.    Defendant Greene advised Plaintiff that the loan, while adjustable, would carry a low fixed interest for 5 years and that he would refinance the loan prior to the loan adjusting.

81.    These representations made by Defendants were false.

82.    Defendants knew that these representations were false when made, or these representations were made with reckless disregard for the truth.

83.    Defendants intended that Plaintiff rely on these representations.

84.    Plaintiff reasonably relied on said representations.

85.    As a result of Plaintiff's reliance, she was harmed and suffered damages. Plaintiff's reliance on Defendants' false representations was a substantial factor in causing Plaintiff harm.

86.    Defendants are guilty of malice, fraud or oppression, as defined in California Civil Code §3294, and Defendants' actions were malicious and done willfully, in conscious disregard of the rights and safety of Plaintiff, in that the actions were calculated to injure Plaintiff. As such, Plaintiff is entitled to recover, in addition to actual damages, punitive damages to punish Defendants and to deter future misconduct.

## SIXTH CAUSE OF ACTION

## VIOLATIONS OF CALIFORNIA BUSINESS & PROFESSIONS CODE § 17200

**(Against all Defendants)**

87.    Plaintiff incorporates herein the allegations set forth in Paragraphs 1 through 86 above.

88.    Defendants committed unlawful, unfair, and/or fraudulent business practices, as defined by California Business and Professions Code §17200.

89.    As a result of Defendants' wrongful conduct, Plaintiff has suffered damages and injuries according to proof at trial.

90. Plaintiff seeks injunctive relief enjoining Defendants from engaging in the unfair business practices described herein.

91. Plaintiff further seeks restitution, disgorgement of sums wrongfully obtained, costs of suit, reasonable attorneys' fees, and such other and further relief as the Court deems just and proper.

## SEVENTH CAUSE OF ACTION
## BREACH OF CONTRACT
**(Against Defendants Jonathan N. Greene, Greene Home Loans, and Decision One Mortgage Company, LLC)**

92. Plaintiff incorporates herein the allegations set forth in Paragraphs 1 through 91 above.

93. Plaintiff fully performed her duties under the contract with Defendants Jonathan N. Greene, Jonathan N. Greene, and Decision One Mortgage Company, LLC. However, Defendants breached their agreement with Plaintiff as alleged above by failing to exercise reasonable efforts and due diligence as promised. Further, Defendants breached their agreement with Plaintiff by failing to obtain payment and interest rates as represented, failing to submit an accurate loan application and failing to explain the loan documents to Plaintiffs.

94. Plaintiff attempted to perform her duties under the loan contract. However, after the loan agreement was signed, Plaintiff's payment increased substantially and Defendants failed to refinance the mortgage as promised.

95. Defendants breached their agreement to Plaintiff to provide Plaintiff with an affordable loan.

96. As a result of Defendants' wrongful conduct, Plaintiff has suffered various damages according to proof at trial, including but not limited to loss of equity.

97. Plaintiff further seeks restitution, costs of suit, reasonable attorneys' fees, and such other and further relief as the Court may deem just and proper.

## EIGHTH CAUSE OF ACTION

## BREACH OF IMPLIED COVENANT OF GOOD FAITH AND FAIR DEALING

### (Against all Defendants)

98. Plaintiff realleges and incorporates herein the allegations set forth in Paragraphs 1 through 97 above.

99. A duty of good faith and fair dealing is an implied term of the aforesaid contract. Defendants' duties of good faith and fair dealing included not depriving Plaintiff of the benefit of the bargain.

100. Defendants breached the implied duty of good faith and fair dealing owed to Plaintiff by, among other things, the acts and omissions herein alleged.

101. As a proximate result of Defendants' breaches of the covenant of good faith and fair dealing alleges herein, Plaintiff has suffered damages, incurred attorneys' fees and costs to recover the property, suffered a loss of reputation and goodwill, suffered emotional distress, and suffered other economic losses and damages in amounts not yet fully ascertained, but within the jurisdiction of this Court.

102. Wherefore, Plaintiff prays for judgment against Defendants, and each of them, as hereinafter set forth below.

WHEFORE, Plaintiff prays for judgment and order against Defendants as follows:

1. That judgment be entered in her favor and against Defendants, and each of them;
2. For an order requiring Defendants to show cause, if they have any, why they should not be enjoined as set forth below, during the pendency of the action;
3. For an a temporary restraining order, preliminary and permanent injunction preventing Defendants, or anyone acting under in concert with them, from

collecting on the subject loan and from causing the Property to be sold, assigned or transferred to a third party;

4. For damages, disgorgement, and injunctive relief;
5. For compensatory and statutory damages, attorneys' fees and costs according to proof at trial;
6. For exemplary damages in an amount sufficient to punish Defendants' wrongful conduct and deter future misconduct;
7. For such other and further relief as the Court may deem just and proper.

DATED: July 17, 2009

Respectfully submitted

ROBERT A. SPANNER
Attorney for Plaintiff Bridgette Burell Sadler

## DEMAND FOR JURY TRIAL

Plaintiff Bridgette Burell Sadler demands a trial by jury.

DATED: July 17, 2009

ROBERT A. SPANNER
Attorney for Plaintiff Bridgette Burell Sadler